**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **AERIAL WILLIAMS,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**WAL-MART STORES EAST, LP,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**3:26-cv-00072-TES** |

**ORDER REMANDING CASE**

Plaintiff Aerial Williams filed a Motion to Remand her case back to the State Court of Athens-Clarke County, Georgia. [Doc. 6]. Defendant Wal-Mart Stores East, LP ("Wal-Mart") removed this action under 28 U.S.C. §§ 1332, 1441, and 1446(c)(1). *See* [Doc. 1].

**BACKGROUND**[1]

As the parties are painfully aware, the procedural history of this case is, in a word, complicated. The Court will once again provide a detailed procedural background to help set the scene for this Order.

This case arises from a personal injury lawsuit filed by Plaintiff concerning a slip

[1] Unless otherwise noted, each fact found in the Background portion of this Order is adopted from the Court's previous Order [Doc. 18] in *Williams v. Walmart Stores East LP, et al.*, 3:25-cv-00151-TES (M.D. Ga. Feb. 11, 2026), Dkt. No. 18.

and fall that occurred on August 20, 2023, at a Wal-Mart store in Athens, Georgia. Plaintiff originally filed her case in the State Court of Athens-Clarke County against Defendants Wal-Mart and Kyle Ross on August 5, 2024. Defendants subsequently removed the action to this Court on September 27, 2024. Defendants removed the case arguing that Kyle Ross' "citizenship should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Plaintiff [had] no possibility of recovery against him and, therefore, he [had] been fraudulently joined solely for the purpose of defeating federal diversity jurisdiction . . . ." Ross, who had been originally named as a defendant in this action due to his position as "Store Manager" at the subject Wal-Mart store, was not working at the store on the date of the incident and his duties as store manager did not apply while he was off duty. Plaintiff had named Ross, a Georgia citizen, to ensure there would be no diversity and thus no valid basis to remove. On the other hand, Defendants sought to remove Ross as a party so that complete diversity would exist among the remaining parties: Plaintiff, a citizen of Georgia, and Defendant Wal-Mart, a citizen of both Delaware and Arkansas.

On October 15, 2024, Plaintiff filed a Motion to Remand the case back to the State Court of Athens-Clarke County. As mentioned above, Plaintiff argued that the Court should remand her case because "as the store manager of [the] subject Wal-Mart, Kyle Noel Ross [was] personally responsible for the incident which caused Plaintiff[']s injuries and the death of her unborn child" and that because Mr. Ross is a Georgia

resident, there could be no complete diversity of citizenship between the parties. The Court rejected that argument, found Ross to have been fraudulently joined, and denied Plaintiff's Motion to Remand. The Court's Order also dismissed Plaintiff's claims against Defendant Kyle Ross without prejudice. This left Plaintiff and Defendant Wal-Mart as the only parties to this action and restored complete diversity between the parties so that the Court had subject-matter jurisdiction over the case.

However, on March 4, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint. In the proposed amendment, Plaintiff sought to add Beth Stewart, a citizen of Georgia, as a defendant in this action, alleging she acted as assistant store manager at the time of the accident. On March 31, 2025, this Court granted Plaintiff's Motion to Amend and remanded the case back to the State Court of Athens-Clarke County. In doing so, the Court found that it "[could not] conclude that there [was] no possibility that Plaintiff's Complaint state[d] a cause of action against [Beth] Stewart." It necessarily followed that with Beth Stewart now a party to this action, the Court lost subject-matter jurisdiction because there would no longer be complete diversity between the parties.

So, the Court immediately remanded the case back to the State Court of Athens-Clarke County on March 31, 2025, over four months prior to the expiration of the statute of limitations, which was to run on August 20, 2025. Right or wrong, the Court assumed

that Plaintiff would immediately file her proposed Amended Complaint in State Court and the case would proceed on a traditional track.[2]

As it turns out, that was not a safe assumption. After the remand on March 31, 2025, nothing happened. Specifically, Plaintiff did not file her Amended Complaint in this court or in the State Court of Athens-Clarke County, the court of original jurisdiction. And, to further complicate matters, the relevant statute of limitations expired on August 20, 2025. Because Plaintiff never filed her Amended Complaint that named Beth Stewart as a party, Plaintiff obviously never served her with process before the expiration of the statute of limitations. Even though she wasn't named as a party in any operative pleading, Stewart nonetheless filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment in the State Court of Athens-Clarke County on September 19, 2025, arguing that because she was never served with the Amended Complaint, she was not a proper party to the lawsuit. And, on the same day, before the State Court of Athens-Clarke County could rule on that motion, Defendants filed their Notice of Removal to transfer the case back to this Court. That obviously got Plaintiff's attention, and she finally filed her Amended Complaint in the State Court of Athens-

[2] As the Court previously acknowledged, it should have waited until Plaintiff actually filed her Amended Complaint in this Court before formally remanding the case to the State Court of Athens-Clarke County. *See* Order Granting Motion to Amend/Correct, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Mar. 31, 2025), Dkt. No. 24.

Clarke County on September 22, 2025, three days *after* the case had been removed to this Court.[3]

On October 20, 2025, Plaintiff filed her Motion to Remand this case back to the State Court of Athens-Clarke County on the basis that Beth Stewart "is a Georgia resident" which "destroys Wal-Mart's claim of 'diversity of citizenship' between the Plaintiff and Defendants as required under 28 U.S.C. § 1332." Plaintiff ultimately perfected service of the Amended Complaint—only filed in the state court after removal—on Beth Stewart on October 29, 2025.

This Court held a hearing on December 4, 2025, to hear argument on the Motion to Remand. At the hearing, it became apparent that Plaintiff had never filed her Amended Complaint with this Court. On February 6, 2026, the Court attempted to straighten out the previous procedural mess and issued an Order granting Plaintiff one last opportunity to do so, warning that a failure to do so would result in the denial of Plaintiff's Motion to Remand and the dismissal of Beth Stewart from this action. The Court instructed Plaintiff that should she file the Amended Complaint that the Court had already approved, the Court would remand the case back to the State Court of Athens-Clarke County.

On February 10, 2026, Plaintiff filed her Amended Complaint. Accordingly, on

[3] Although the original case had been pending for more than a year, Plaintiff did not invoke 28 U.S.C. § 1446(c)(1) as she does on this third removal.

February 11, 2026, the Court remanded this case back to the State Court of Athens-Clarke County, Georgia where a Motion to Dismiss Beth Stewart, or in the alternative, Motion for Summary Judgment was pending. [Doc. 1, ¶ 12]. After oral argument was held, the State Court of Athens-Clarke County granted Beth Stewart's Motion to Dismiss for lack of service before the expiration of the statute of limitations. [*Id.* at ¶ 13]. As a result of the State Court's order, Beth Stewart was dismissed as a defendant on May 18, 2026, leaving Wal-Mart Stores East, LP as the lone defendant in this action. [*Id.* at ¶ 14]. On June 18, 2026, Wal-Mart removed this action back to this Court for a third time. [*Id.*].

## LEGAL STANDARD

Civil actions brought in state courts of which the federal courts have original jurisdiction may be removed by the defendant to a proper district court of the United States. 28 U.S.C. § 1441(a). Original jurisdiction may be based on a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331–32. The Court must look to a plaintiff's complaint to determine whether removal was appropriate. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendant bears the burden of proving that federal jurisdiction exists. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Removal statutes are strictly construed, and all doubts regarding federal-court jurisdiction must be resolved in favor of a remand to state court. *See Burns*, 31 F.3d at 1095.

**DISCUSSION**

As illustrated by the procedural history, this case has pinballed between the State Court of Athens-Clarke County and this court for more than two years. It is well past time for this case to get its legs under it and move to completion.

The question the Court answers today is whether the Plaintiff can successfully invoke the one-year limitation found in 28 U.S.C. § 1446(c)(1), which will make the case "removal-proof," and finally thwart the Defendant's three attempts to escape state court. The parties' disagreement centers around whether Plaintiff has acted in bad faith in effectively running out the removal clock, forever preventing Defendant from removing the case to federal court.

Per 28 U.S.C. § 1446(c)(1), "[a] case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Plaintiff first filed suit in the State Court of Athens-Clarke County on August 5, 2024. So, per § 1446(c)(1), Defendant had until August 4, 2025, to remove the case. Not surprisingly, the parties agree that the standard one-year removal deadline laid out in Section 1446(c) expired long ago. But, Congress added in a single exception: bad faith on the part of the plaintiff that prevented the defendant from removing the case. Here, the parties vehemently disagree if that exception applies.

In her Motion to Remand, Plaintiff invokes § 1446's one-year ban on removals as the attempted removal relies on diversity of citizenship of the parties and occurred more than one year from the original commencement of the lawsuit on August 5, 2024. [Doc. 6, p. 1]. Plaintiff also argues that despite the many issues concerning service (or lack thereof) on Beth Stewart, she was "named in good faith as a legitimate defendant in this lawsuit, and any argument to the contrary could not be supported by any evidence in the record." [*Id.* at p. 2]. Plaintiff very plainly states that "[i]t simply cannot be proven that Beth Stewar[t] was 'fraudulently joined' to this lawsuit simply to defeat diversity of citizenship." [*Id.* at p. 4].

On the other hand, Defendant argues that "the totality of the circumstances of the case demonstrate that [P]laintiff has acted in bad faith to prevent Defendant's removal of the case." [Doc. 7, p. 5]. To support its point, Defendant lists a litany of actions taken by Plaintiff that it believes points to bad faith, including: (1) no Amended Complaint was filed in State Court prior to the expiration of the statute of limitations, (2) Plaintiff never sought a summons for Beth Stewart from a court with competent jurisdiction prior to the expiration of the statute of limitations, (3) Plaintiff failed to follow civil procedure for seeking a summons from State Court for Beth Stewart, (4) Plaintiff has not offered an explanation for these failures to act within the statute of limitations, and (5) even in her Motion to Remand, Plaintiff failed to offer any argument to rebut Defendant's position that her actions implicate the exception for the one-year

removal found in Section 1446(c)(1). [*Id.* at p. 5]. Defendant continues by providing its narrative outlining each time it believes Plaintiff has acted abnormally during the litigation. [*Id.* at pp. 6–7]. This series of missteps by Plaintiff, Defendant argues, is ample evidence of bad faith given the totality of the circumstances.

In her reply, Plaintiff admits she was negligent but takes great issue with the allegation that she acted with bad faith, which requires some intent, as opposed to mere negligence or oversight. Specifically, Plaintiff argues that "the delay in filing an Amended Complaint (and thus getting Ms. Stewart served) in state court following the first remand of this case was simply an oversight by Plaintiff's counsel." [Doc. 11, p. 1]. In support for his assertion, Plaintiff's counsel attached an affidavit where he swore under oath that "[t]his oversight was an honest procedural oversight, and was certainly not done for the purpose of triggering the one-year removal rule under 28 U.S.C. § 1446(c)(1)." [Doc. 11-1, p. 3]. Plaintiff also avers that "[a]lthough Plaintiff's counsel made a procedural error in inadvertently neglecting to file Plaintiff's Amended Complaint adding Beth Stewart as a defendant directly following the remand of this case, Plaintiff's counsel sincerely believed that he took appropriate strides to overcome his admitted oversight." [Doc. 11, p. 3].

To be sure, both the Court and the parties contributed to this procedural mess. As noted earlier, the Court should have waited until Plaintiff actually filed her Amended Complaint with this Court before remanding the case back to the State Court

of Athens-Clarke County on March 31, 2025. That admittedly premature action caused its own procedural wrinkle that the Court did its best to both own and correct in its last remand order. *See Williams v. Walmart Stores East LP, et al.*, 3:25-cv-00151-TES (M.D. Ga. Feb. 11, 2026), Dkt. No. 18.

However, the blame does not rest solely in the hands of the Court. Plaintiff certainly carries her fair share of blame. After the Court granted Plaintiff leave to file an Amended Complaint to name Beth Stewart as a defendant, Plaintiff, for whatever reason, never filed the Amended Complaint. In fact, she never requested a summons for Beth Stewart. After the statute of limitations ran, Defendants again removed the case to this Court on September 19, 2025, which the Court notes was well after the one-year limitation set out in § 1446 (c)(1). *See generally Williams v. Walmart Stores East LP, et al.*, 3:25-cv-00151-TES (M.D. Ga. Feb. 11, 2026). Consistent with her state court actions, Plaintiff never sought a summons with this Court between September 19, 2025, and February 11, 2026. [*Id.*]. Once the case was remanded back to State Court on February 11, 2026, Plaintiff again puzzlingly failed to seek summons from the state court through the date of oral argument on Defendant's Motion to Dismiss on April 28, 2026. *See* [Doc. 7-1, p. 5]. The record reflects that even after Plaintiff finally sought a summons for Beth Stewart, it was improper. [*Id.* at pp. 4–5]. This repeated inaction taken by Plaintiff is troubling, to say the least. While Plaintiff, rather generously, chalks up this series of

missteps as a simple "oversight," the Court struggles to agree. At best, a clear pattern of carelessness emerges.

However, Defendant could have taken steps to mitigate these issues as well. Defendant clearly knew that its one-year timeline had long passed, especially since Plaintiff apparently failed to bring it up in the second renewal in September 2025. But, Defendant didn't do anything to try to get some help from the Court regarding Plaintiff's lack of filing the Amended Complaint or serving it. For instance, after the Court prematurely ordered that the case be remanded back to the State Court, Defendant could have filed a motion for reconsideration to bring the procedural misstep to the Court's attention. Defendant could have also filed a motion to vacate the court's ruling or even filed another notice of removal, which it did in this case notwithstanding the lack of filing the Amended Complaint and service. But, it didn't. Rather, Defendant stayed silent, apparently making the strategic decision to let the statute of limitations expire.

Additionally, Defendant could have made moved the state court to intervene and set a time limit for Plaintiff to file its Amended Complaint or serve Ms. Stewart. Several corrective actions were available to Defendant, but it took advantage of none. Again, the Court can't help but believe that Defendant considered it more advantageous to it to just let the statute of limitations expire rather than take any steps that would have spurred Plaintiff to correct her procedural delays.

So, the Court must decide if the Plaintiff acted in bad faith to prevent the Defendant from removing the case. If she did, the exception kicks in and removal is proper. If she did not, then the Defendant's removal is late, and the case must be remanded.

"[T]he plaintiff's claims are in bad faith if, by [his] actions, [he] attempted to disguise the existence of the removability of the case until the one-year limitation had run." *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997); *see also* 28 U.S.C. § 1446(c)(3)(B) (deliberately failing to disclose the true amount in controversy to prevent removal is bad faith). "The cases finding bad faith all involve a level of gamesmanship designed to prevent removal." *Seymour Realty 1941, LLC v. AmGUARD Ins. Co.*, 22-61551-CIV, 2022 WL 22859506, at *1 (S.D. Fla. Oct. 13, 2022) (listing examples of intentional conduct amounting to bad faith); *see e.g., Pub. Serv. Towers, Inc. v. Best Buy Stores, L.P.*, 28 F. Supp. 3d 1313, 1315 (M.D. Ga. 2014) (remanding case as untimely removed where no evidence that plaintiff *intentionally* concealed the amount of damages or falsely answered discovery during five years that case was pending in state court) and *Berosh v. Williams-Sonoma Stores, Inc.*, No. 16-23119-CIV, 2016 WL 10951817, at *3 (S.D. Fla. 2016) ("Plaintiff did not do anything to hide (i.e., intentionally fail to disclose) from Defendant the fact that the damages exceed $75,000. Although Plaintiff alleged only that the case exceeds $15,000 in the state court complaint, that basic

allegation is not bad faith or an effort to hide the jurisdictional amount. Plaintiff did not also state in her complaint that the damages were less than $75,000.").

The common thread running through these cases requires "that the removing defendant must provide some direct evidence that '[the plaintiff] acted solely for the purpose of preventing [the defendant] from removing th[e] case to federal court.'" *Madeira Condo. Ass'n, Inc. v. Chubb Custom Ins. Co.*, No. 8:25-CV-370-JSM-LSG, 2025 WL 1462681, at *2 (M.D. Fla. May 20, 2025) (quoting *NPV Realty, LLC v. Nash*, No. 8:17-CV-636-T-30AEP, 2017 WL 1735101, at *2 (M.D. Fla. May 4, 2017)) (alterations in original). Essentially, the inquiry boils down to whether the plaintiff engaged in an affirmative, deliberate act of gamesmanship to prevent removal. *Munoz. v. Rite Tire of Okeechobee, LLC*, No. 21-23746-CIV, 2021 U.S. Dist. LEXIS 242311, at *11 (S.D. Fla. Dec. 20, 2021). Given this requirement of intent, it necessarily follows that negligence alone can never amount to bad faith. *See Phillips v. Cracker Barrel Old Country Store, Inc.*, No. 8:24-CV-01181-MSS-TGW, 2024 WL 3565555 (M.D. Fla. July 29, 2024) (holding that where a plaintiffs' "initial failure to name a legal entity was inadvertent and would have been corrected earlier if not for the state court's stay order" and where the plaintiff's interrogatory answers were "unintentionally, and certainly not in bad faith, filed" after the deadline did not constitute bad faith).

While Defendant argues that the totality of the circumstances demonstrate that Plaintiff has acted in bad faith, Defendant certainly has no direct evidence of any

intentional conduct committed by Plaintiff that concealed anything that would have prevented removal. As the cases cited above illustrate, to act in bad faith under § 1446 (c)(1), Plaintiff would have to have deliberately undertaken some actions that actively prevented Defendant from removing the case, an admittedly high bar. In this case, Defendant complains that Plaintiff never filed the Amended Complaint adding Beth Stewart as a party and never tried to properly serve her. However, nothing about those actions shows an attempt to hide or disguise anything from Defendant.

Defendant knew that Plaintiff was trying to add Beth Stewart as a party well before the September 2025 removal. Defendant knew the case was pending in the State Court of Athens-Clarke County and that Plaintiff had never requested a summons. It also knew that the statute of limitations expired in August of 2025. The Court finds it telling that Defendant waited until after the underlying statute of limitations ran before it removed the case and it did so after it had already filed a motion to dismiss in the state court. So, Defendant knew the parties were diverse, it knew the amount in controversy was over $75,000 and it knew the applicable statute of limitations. Bottom line, Plaintiff never hid a thing from Defendant. Without any deliberate actions by Plaintiff to hide, obscure or prevent Defendant from finding out the true facts, Defendant cannot show that Plaintiff acted in bad faith. Bottom line, the Court exercises its considerable discretion and finds Plaintiff did not "engage in an affirmative,

deliberate act of gamesmanship in order to prevent removal." *Munoz*, 2021 U.S. Dist. LEXIS 242311, at *11.

Plaintiff did not act diligently in filing its Amended Complaint or in serving Ms. Stewart. However, that lack of diligence didn't deprive Defendant of anything that cost it the chance to timely remove the case. It had a choice: raise its hand and get a court to intervene to have the Amended Complaint timely filed and served or ride out the statute of limitations and then try to remove the case for a third time. WalMart chose the latter. Defendant has not met its high bar to show that it was effectively tricked or deceived over some fact necessary to remove the case.

> … [T]he statute is clear as day. Removal may not be effectuated one-year after the commencement of the action. 28 U.S.C. § 1446(c)(1). The sole exception, which Congress has instructed is "limited in scope," H.R. Rep. No. 112-10, at 15, is where a plaintiff has acted in bad faith, and the facts of this case simply do not rise to that level. Bad faith is a fairly high bar, and the Court simply cannot make a finding of bad faith based on the facts presented here. Thus, Defendant's removal was untimely, and the matter must be remanded.

*Wilson v. Fresh Mkt., Inc.*, 9:19-CV-81037, 2020 WL 355192, at *6 (S.D. Fla. Jan. 3, 2020), *report and recommendation adopted sub nom. Williams v. Fresh Mkt., Inc.*, 19-81037-CIV, 2020 WL 354967 (S.D. Fla. Jan. 22, 2020).

## CONCLUSION

Based on the foregoing, the Court finds that Defendant's removal was untimely and **REMANDS** this action to the State Court of Athens-Clarke County, Georgia. The

Clerk is **DIRECTED** to forward a copy of this Order to the clerk of that court.

**SO ORDERED**, this 23rd day of August, 2026.

S/ Tilman E. Self, III

**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**